## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

MEGAN MILO,              }

         Plaintiff,      }

v.                  }      Civil Action No.

                      }      1:18-cv-03145-SAG

CYBERCORE TECHNOLOGIES, LLC  }

        And         }

NORTHROP GRUMMAN CORPORATION,  }

        Defendants.     }

## DEFENDANT CYBERCORE TECHNOLOGIES, LLC'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

      Defendant CyberCore Technologies, LLC ("CyberCore" or "Defendant"), by and through undersigned counsel, pursuant to Fed. R. Civ. P. 8 and 12, hereby answers Plaintiff Megan Milo ("Plaintiff")'s First Amended Complaint and Jury Demand ("First Amended Complaint") as follows: [1/]

## FIRST DEFENSE

      CyberCore admits or denies the correspondingly numbered paragraphs in the First Amended Complaint as follows:

---

[1/]    As a result of the argumentative, compound, vague, and subjective nature of many of the allegations in Plaintiff's First Amended Complaint, unless all aspects of a particular sentence are correct, the entire sentence will be denied.

## PRELIMINARY STATEMENT

1.     Paragraph 1 contains no factual allegations to admit or deny.

2.     CyberCore denies the allegations in paragraph 2 with respect to CyberCore, and is without sufficient knowledge or information to admit or deny the allegations with respect to Defendant Northrop Grumman Corporation ("Northrop").

3.     CyberCore denies the allegations in paragraph 3 with respect to CyberCore, and is without sufficient knowledge or information to admit or deny the allegations with respect to Northrop.

4.     CyberCore denies that Plaintiff was subjected to discrimination, harassment or retaliation by CyberCore.

a.     CyberCore denies the allegations in paragraph 4.a. with respect to CyberCore personnel, and is without sufficient knowledge or information to admit or deny the allegations with respect to non-CyberCore personnel, except that CyberCore admits that it was aware that on occasion some non-CyberCore employees accidentally used male pronouns when referring to Plaintiff.

b.     Paragraph 4.b states a legal conclusion to which no response is required. To the extent a response is required, CyberCore denies the allegations with respect to CyberCore, and is without sufficient knowledge or information to admit or deny the allegations with respect to Northrop.

c.     CyberCore denies the allegations in paragraph 4.c. with respect to CyberCore personnel, and is without sufficient knowledge or information to admit or deny the allegations with respect to non-CyberCore personnel.

d.      CyberCore denies the allegations in paragraph 4.d. with respect to CyberCore, and is without sufficient knowledge or information to admit or deny the allegations with respect to non-Northrop entities.

e.      CyberCore denies the allegations in paragraph 4e., except it admits that the confidential government client imposed strict security protocols for all personnel working at the Tuscan Project worksite.

f.      CyberCore denies the allegations in paragraph 4.f. with respect to CyberCore, and is without sufficient knowledge or information to admit or deny the allegations with respect to Plaintiff's non-CyberCore supervisors.

g.      CyberCore denies the allegations in paragraph 4.g. with respect to CyberCore, and is without sufficient knowledge or information to admit or deny the allegations with respect to non-CyberCore personnel, except that CyberCore admits that Plaintiff complained to her CyberCore supervisor Brenda Anderson on a handful of occasions that her non-CyberCore co-workers had accidentally used a male pronoun when referring to her.

h.      Paragraph 4.h states a legal conclusion to which no response is required. To the extent a response is required, CyberCore denies the allegations with respect to CyberCore, and is without sufficient knowledge or information to admit or deny the allegations with respect to Northrop.

i.      Paragraph 4.i states a legal conclusion to which no response is required. To the extent a response is required, CyberCore denies the allegations with

respect to CyberCore, and is without sufficient knowledge or information to admit or deny the allegations with respect to Northrop.

        j.     Paragraph 4.j states a legal conclusion to which no response is required. To the extent a response is required, CyberCore denies the allegations with respect to CyberCore, and is without sufficient knowledge or information to admit or deny the allegations with respect to Northrop.

     4-1.    CyberCore is without sufficient knowledge or information to admit or deny the allegations in paragraph 4-1.[2/]

     5.     Admitted.

     6.     Admitted.

     7.     CyberCore is without sufficient knowledge or information to admit or deny the allegations in paragraph 7.

     8.     CyberCore is without sufficient knowledge or information to admit or deny the allegations in paragraph 8.

     9.     CyberCore admits that it employed Plaintiff at a confidential client location in Annapolis Junction, Anne Arundel County, and is without sufficient knowledge or information to admit or deny the remaining allegations in paragraph 9.

     10.    Paragraph 10 states a legal conclusion to which no response is required.

---

[2/]    The First Amended Complaint contains an error in paragraph numbering between paragraphs 4 and 5. The paragraph erroneously labeled as paragraph 1 on page 2 of the First Amended Complaint is labeled as 4-1 in this Answer.

11.     CyberCore is without sufficient knowledge or information to admit or deny the allegations in paragraph 11.

12.     CyberCore is without sufficient knowledge or information to admit or deny the allegations in paragraph 12.

12-1.   CyberCore admits that it employed Plaintiff at the government facility located in Annapolis Junction, Anne Arundel County, but is without sufficient knowledge or information to admit or deny the remaining allegations in paragraph 12-1. [3/]

## PROCEDURAL HISTORY

13.     CyberCore is without sufficient knowledge or information to admit or deny the allegations in paragraph 13, except that it admits it received notice from the Equal Employment Opportunity Commission that on or about August 28, 2014 Plaintiff filed a charge alleging sex discrimination, harassment and retaliation against CyberCore and Northrop.

14.     CyberCore admits that the Equal Employment Opportunity Commission provided CyberCore notice that on or about August 28, 2014 Plaintiff filed a charge alleging sex discrimination and retaliation against CyberCore and Northrop, but is without sufficient knowledge or information to admit or deny the remaining allegations in paragraph 14.

---

[3/]     The First Amended Complaint contains an error in paragraph numbering between paragraphs 12 and 13.  The paragraph erroneously labeled as paragraph 2 on page 3 of the First Amended Complaint is labeled as 12-1 in this Answer.

15.     CyberCore is without sufficient knowledge or information to admit or deny the allegations in paragraph 15.

16.     CyberCore is without sufficient knowledge or information to admit or deny the allegations in paragraph 16, except that it admits it received notice from the Equal Employment Opportunity Commission that the Commission had issued to Plaintiff a notice of her right to file a lawsuit within 90 days of her receipt of the notice.

17.     Paragraph 17 states a legal conclusion to which no response is required.

## JURISDICTION AND VENUE

18.     Paragraph 18 states a legal conclusion to which no response is required.

19.     Paragraph 19 states a legal conclusion to which no response is required.

20.     Paragraph 20 states a legal conclusion to which no response is required.

## FACTS

21.     Admitted.

22.     Admitted.

23.     Admitted.

## Sex, Gender Expression, and Gender Identity

24.     Paragraph 24 contains no factual allegations to admit or deny.

25.     Paragraph 25 contains no factual allegations to admit or deny.

26.     Paragraph 26 contains no factual allegations to admit or deny.

27.     Paragraph 27 contains no factual allegations to admit or deny.

28.     Paragraph 28 contains no factual allegations to admit or deny.

**Employment with Defendants**

29.     CyberCore admits that on or around November 30, 2012, upon approval by Northrop, CyberCore hired Plaintiff as a senior software engineer assigned to a government facility in Annapolis Junction, Maryland, and denies the remaining allegations in paragraph 29.

30.     Admitted.

31.     CyberCore is without sufficient knowledge or information to admit or deny the allegations in paragraph 31.

32.     CyberCore admits that Plaintiff began to present herself as a female while at work beginning on March 28, 2013, but is without sufficient knowledge or information to admit or deny the remaining allegations in paragraph 32.

33.     Admitted.

33-1.   Admitted.[4]

33-2.   CyberCore admits that on occasion Plaintiff received assignments from and was supervised by Northrop managers at the worksite, and that she worked with personnel that were employees of Northrop, the government, and other contractors working on the worksite.

34.     CyberCore admits that Plaintiff regularly worked and communicated with employees of Northrop, the government, and other contractors working on the

---

[4]     The First Amended Complaint contains an error in paragraph numbering between paragraphs 33 and 34.  The paragraphs erroneously labeled as paragraphs 3 and 4 on page 5 of the First Amended Complaint are labeled as 33-1 and 33-2 in this Answer.

worksite, but is without sufficient knowledge or information to admit or deny the remaining allegations in paragraph 34.

35.    CyberCore admits that it controlled certain terms and conditions of Plaintiff's employment, and that on occasion Plaintiff received assignments from and was supervised by Northrop managers at the worksite.

36.    CyberCore admits that Plaintiff shared office space and certain equipment and work resources with employees of Northrop, that on occasion Plaintiff received assignments from, was supervised by, and was evaluated by Northrop managers at the worksite, and that as the prime contractor, Northrop set work schedules and certain procedures, including procedures for recording time worked on the contract.  CyberCore denies the remaining allegations in paragraph 36.

37.    Admitted.

38.    CyberCore is without sufficient knowledge or information to admit or deny the allegations in paragraph 38, but admits that Plaintiff regularly worked and communicated with Northrop staff.

39.    CyberCore admits that Northrop management discussed issues relating to layoffs, project funding and upcoming work with CyberCore management, but denies the remaining allegations in paragraph 39.

40.    CyberCore admits that Northrop imposed a 30-day probationary period on Plaintiff in October 2013.

41.     CyberCore admits that Northrop instructed CyberCore to remove Plaintiff from working on the Tuscan project after she sent an insubordinate email, but denies the remaining allegations in paragraph 41.

42.     CyberCore admits that it removed Plaintiff from the Tuscan project at Northrop's instruction, but denies the remaining allegations in paragraph 42.

43.     Admitted.

44.     CyberCore denies the allegations in paragraph 44 with respect to CyberCore personnel, and is without sufficient knowledge or information to admit or deny the allegations with respect to non-CyberCore personnel.

45.     CyberCore is without sufficient knowledge or information to admit or deny how Plaintiff felt, and is without sufficient knowledge or information to admit or deny the remaining allegations in paragraph 45 with respect to non-CyberCore personnel. CyberCore denies the remaining allegations in paragraph 45 with respect to CyberCore, except that it admits that Plaintiff complained to Ms. Anderson on a handful of occasions that her non-CyberCore co-workers had accidentally used a male pronoun when referring to her.

46.     CyberCore denies that it discriminated against Plaintiff.

a.     CyberCore is without sufficient knowledge or information to admit or deny the allegations in paragraph 46.a.

b.     CyberCore is without sufficient knowledge or information to admit or deny the allegations in paragraph 46.b.

c.      CyberCore denies the allegations in paragraph 46.c. with respect to CyberCore personnel, and is without sufficient knowledge or information to admit or deny the remaining allegations in paragraph 46.c.

d.      CyberCore is without sufficient knowledge or information to admit or deny the allegations in paragraph 46.d.

e.      CyberCore admits that in approximately June 2013, Ms. Anderson politely reminded Plaintiff to be conscious of the length of her skirts and informed her that someone had complained to Northrop that Plaintiff occasionally wore skirts that were too short.  Plaintiff stood up and asked if the skirt that she was currently wearing was too short, and Ms. Anderson replied that she looked fine on that particular day.  CyberCore denies the remaining allegations in paragraph 46.e.

f.      CyberCore is without sufficient knowledge or information to admit or deny the allegations in paragraph 46.f.

g.      CyberCore is without sufficient knowledge or information to admit or deny the allegations in paragraph 46.g.

h.      CyberCore is without sufficient knowledge or information to admit or deny the allegations in paragraph 46.h.

i.      CyberCore is without sufficient knowledge or information to admit or deny the allegations in paragraph 46.i.

j.      CyberCore admits that on or around October 17, 2013, Northrop's manager Jeremy Knupp met with Plaintiff, Brenda Anderson, and CyberCore

Program Manager David Shortt to discuss issues with Plaintiff's behavior, performance, and treatment of her co-workers, and that Northrop placed Plaintiff on a 30-day probationary period.  CyberCore denies the remaining allegations in paragraph 46.j.

k.      CyberCore admits that during the October 17, 2013 meeting, Plaintiff alleged that Alex Davis occasionally used male pronouns when referring to her and asked for this to stop, but CyberCore denies the remaining allegations in paragraph 46.k.

l.      CyberCore states that the content of the referenced document speaks for itself, the allegations in this paragraph 46.l.. do not accurately characterize the underlying document, and Plaintiff has omitted material facts and language and on that basis CyberCore denies the allegations.

47.    CyberCore is without sufficient knowledge or information to admit or deny the allegations in paragraph 47.

48.    CyberCore is without sufficient knowledge or information to admit or deny the allegations in paragraph 48.

49.    CyberCore is without sufficient knowledge or information to admit or deny the allegations in paragraph 49.

50.    Denied.

51.    Denied.

52.    Denied

53.     CyberCore is without sufficient knowledge or information to admit or deny what clothing Plaintiff wore during her probationary period, and denies the allegations to the extent Plaintiff is suggesting that the PIP required her to wear certain clothing or keep "her head very low."

54.     CyberCore is without sufficient knowledge or information to admit or deny what Plaintiff was thinking or saying to her coworkers during this time, or the state of her relationships with her co-workers, and denies the remaining allegations in paragraph 54.

55.     Denied.

56.     Denied.

57.     Denied.

58.     Denied.

59.     CyberCore is without sufficient knowledge or information to admit or deny the allegations in paragraph 59.

60.     CyberCore is without sufficient knowledge or information to admit or deny the allegations in paragraph 60.

61.     CyberCore denies the allegations in paragraph 61, except that CyberCore admits that Plaintiff told Ms. Anderson on a handful of occasions that non-CyberCore coworkers had accidentally used the male pronoun when referring to her.

62.     Admitted.

63.     Denied.

64.     Denied.

65.    Denied.

66.    CyberCore is without sufficient knowledge or information to admit or deny what Plaintiff was thinking or how Plaintiff felt, and denies the remaining allegations in paragraph 66.

67.    CyberCore denies that Plaintiff was subject to a hostile work environment, and is without sufficient knowledge or information to admit or deny the remaining allegations in paragraph 67.

68.    CyberCore denies that Plaintiff was subject to harassment, and is without sufficient knowledge or information to admit or deny the remaining allegations in paragraph 68.

69.    CyberCore is without sufficient knowledge or information to admit or deny the allegations in paragraph 69.

70.    CyberCore is without sufficient knowledge or information to admit or deny the allegations in paragraph 70.

71.    CyberCore admits that Plaintiff did not submit any complaints to CyberCore following the October 17, 2013 meeting, and denies the remaining allegations in paragraph 71.

72.    Admitted.

73.    CyberCore is without sufficient knowledge or information to admit or deny the allegations in paragraph 73.

74.    CyberCore is without sufficient knowledge or information to admit or deny the allegations in paragraph 74.

75.   CyberCore is without sufficient knowledge or information to admit or deny the allegations in paragraph 75.

76.   Denied.

77.   Denied.

78.   Denied.

79.   Denied.

80.   Denied.

81.   Denied.

82.   CyberCore admits that Plaintiff was not separated as part of a group layoff.

83.   Admitted.

84.   CyberCore is without sufficient knowledge or information to admit or deny the allegations in paragraph 84.

85.   CyberCore is without sufficient knowledge or information to admit or deny what conduct Plaintiff considered unwelcome.

86.   Paragraph 86 states a legal conclusion to which no response is required. To the extent a response is required, CyberCore is without sufficient knowledge or information to admit or deny what Plaintiff felt, and denies the remaining allegations in paragraph 86.

87.   Denied.

88.   Denied.

89.     Paragraph 89 states a legal conclusion to which no response is required. To the extent a response is required, CyberCore denies the allegations.

90.     CyberCore is without sufficient knowledge or information to admit or deny what knowledge Northrop possessed, and denies the remaining allegations in paragraph 90.

91.     CyberCore denies the allegations in paragraph 91, except that it is without sufficient knowledge or information to admit or deny what protections were offered by Northrop's policies.

92.     CyberCore denies the allegations in paragraph 92, except that it is without sufficient knowledge or information to admit or deny what protections were offered by Northrop's policies.

93.     CyberCore denies the allegations in paragraph 93, except that it is without sufficient knowledge or information to admit or deny what steps Northrop took to enforce its policies.

94.     Paragraph 94 states legal conclusions to which no response is required. To the extent a response is required, CyberCore denies the allegations.

95.     CyberCore admits that it offered Plaintiff an opportunity to apply for other positions that CyberCore had available prior to her separation, and that after Plaintiff declined to apply for any available positions, CyberCore informed her that she would remain eligible to apply for future openings. CyberCore also admits that on one occasion shortly after Plaintiff's separation, she requested an update and CyberCore informed her that no new positions were available, other than those she

had already declined on the date of her separation. CyberCore further admits that Plaintiff did not apply for any subsequent openings, and that Plaintiff notified CyberCore that she found new employment on March 28, 2014. CyberCore denies the remaining allegations in paragraph 95.

96.   Denied.

97.   Denied.

98.   CyberCore is without sufficient knowledge or information to admit or deny the allegations in paragraph 98, except that CyberCore admits that it took steps to address with Mr. Davis' employer Plaintiff's complaint that Mr. Davis had used male pronouns when referring to her.

99.   Denied.

100.   CyberCore is without sufficient knowledge or information to admit or deny the allegations in paragraph 100.

## CAUSES OF ACTION

## COUNT 1

### 42 U.S.C. § 2000e, et seq.
**Hostile Work Environment Because of Sex Against Defendants CyberCore and Northrop**

101.   Pursuant to the Court's Order dated January 13, 2020, Count 1 of Plaintiff's First Amended Complaint has been dismissed. Accordingly, no response is required.

102.    Pursuant to the Court's Order dated January 13, 2020, Count 1 of Plaintiff's First Amended Complaint has been dismissed. Accordingly, no response is required.

103.    Pursuant to the Court's Order dated January 13, 2020, Count 1 of Plaintiff's First Amended Complaint has been dismissed. Accordingly, no response is required.

104.    Pursuant to the Court's Order dated January 13, 2020, Count 1 of Plaintiff's First Amended Complaint has been dismissed. Accordingly, no response is required.

105.    Pursuant to the Court's Order dated January 13, 2020, Count 1 of Plaintiff's First Amended Complaint has been dismissed. Accordingly, no response is required.

106.    Pursuant to the Court's Order dated January 13, 2020, Count 1 of Plaintiff's First Amended Complaint has been dismissed. Accordingly, no response is required.

107.    Pursuant to the Court's Order dated January 13, 2020, Count 1 of Plaintiff's First Amended Complaint has been dismissed. Accordingly, no response is required.

108.    Pursuant to the Court's Order dated January 13, 2020, Count 1 of Plaintiff's First Amended Complaint has been dismissed. Accordingly, no response is required.

109.   Pursuant to the Court's Order dated January 13, 2020, Count 1 of Plaintiff's First Amended Complaint has been dismissed. Accordingly, no response is required.

110.   Pursuant to the Court's Order dated January 13, 2020, Count 1 of Plaintiff's First Amended Complaint has been dismissed. Accordingly, no response is required.

111.   Pursuant to the Court's Order dated January 13, 2020, Count 1 of Plaintiff's First Amended Complaint has been dismissed. Accordingly, no response is required.

112.   Pursuant to the Court's Order dated January 13, 2020, Count 1 of Plaintiff's First Amended Complaint has been dismissed. Accordingly, no response is required.

113.   Pursuant to the Court's Order dated January 13, 2020, Count 1 of Plaintiff's First Amended Complaint has been dismissed. Accordingly, no response is required.

114.   Pursuant to the Court's Order dated January 13, 2020, Count 1 of Plaintiff's First Amended Complaint has been dismissed. Accordingly, no response is required.

115.   Pursuant to the Court's Order dated January 13, 2020, Count 1 of Plaintiff's First Amended Complaint has been dismissed. Accordingly, no response is required.

116.    Pursuant to the Court's Order dated January 13, 2020, Count 1 of Plaintiff's First Amended Complaint has been dismissed. Accordingly, no response is required.

117.    Pursuant to the Court's Order dated January 13, 2020, Count 1 of Plaintiff's First Amended Complaint has been dismissed. Accordingly, no response is required.

118.    Pursuant to the Court's Order dated January 13, 2020, Count 1 of Plaintiff's First Amended Complaint has been dismissed. Accordingly, no response is required.

119.    Pursuant to the Court's Order dated January 13, 2020, Count 1 of Plaintiff's First Amended Complaint has been dismissed. Accordingly, no response is required.

120.    Pursuant to the Court's Order dated January 13, 2020, Count 1 of Plaintiff's First Amended Complaint has been dismissed. Accordingly, no response is required.

121.    Pursuant to the Court's Order dated January 13, 2020, Count 1 of Plaintiff's First Amended Complaint has been dismissed. Accordingly, no response is required.

122.    Pursuant to the Court's Order dated January 13, 2020, Count 1 of Plaintiff's First Amended Complaint has been dismissed. Accordingly, no response is required.

123.    Pursuant to the Court's Order dated January 13, 2020, Count 1 of Plaintiff's First Amended Complaint has been dismissed. Accordingly, no response is required.

124.    Pursuant to the Court's Order dated January 13, 2020, Count 1 of Plaintiff's First Amended Complaint has been dismissed. Accordingly, no response is required.

125.    Pursuant to the Court's Order dated January 13, 2020, Count 1 of Plaintiff's First Amended Complaint has been dismissed. Accordingly, no response is required.

## COUNT 2

### 42 U.S.C. § 2000e, et seq.
### Termination Because of Sex Against Defendants CyberCore and Northrop

126.    CyberCore incorporates by reference its responses in the foregoing paragraphs.

127.    Paragraph 127 states a legal conclusion to which no response is required.

128.    CyberCore admits that it had the power to hire and fire Plaintiff, and denies the remaining allegations in paragraph 128.

129.    CyberCore admits that on occasion Plaintiff received assignments from and was supervised by Northrop managers at the worksite, that Northrop placed Plaintiff on a PIP, and that CyberCore staff had some general supervision duties with

respect to Plaintiff, including the power to discipline, and denies the remaining allegations in paragraph 129.

130.   CyberCore admits that both CyberCore and Northrop furnished equipment for Plaintiff to use in the course of her work, and denies the remaining allegations in paragraph 130.

131.   CyberCore admits that both CyberCore and Northrop had possession of certain documents related to Plaintiff's performance of her work duties, and denies the remaining allegations in paragraph 131.

132.   CyberCore admits that Plaintiff was employed by CyberCore and worked with Northrop personnel on the Tuscan project from approximately November 30, 2012 until February 28, 2014, and denies the remaining allegations in paragraph 132.

133.   Denied.

134.   Denied.

135.   CyberCore admits that it removed Plaintiff from the Tuscan project because Northrop instructed it to do so, and denies the remaining allegations in paragraph 135.

136.   CyberCore denies the allegations in paragraph 136, except that it is without sufficient knowledge or information to admit or deny Northrop's intentions.

137.   Denied.

138.   Denied.

139.   Denied.

140.   Denied.

## COUNT 3

### 42 U.S.C. § 2000e, et seq.
### Retaliation Against Defendants CyberCore and Northrop

141.   CyberCore incorporates by reference its responses in the foregoing paragraphs.

142.   Paragraph 142 states a legal conclusion to which no response is required.

143.   Denied.

144.   CyberCore is without sufficient knowledge or information to admit or deny any complaints Plaintiff made to Northrop, admits that Plaintiff did complain to Ms. Anderson on a handful of occasions that Plaintiff's non-CyberCore co-workers had accidentally used a male pronoun when referring to her, and denies the remaining allegations in paragraph 144.

145.   Paragraph 145 states a legal conclusion to which no response is required.

146.   CyberCore denies that Plaintiff's complaints to CyberCore made it aware that Plaintiff was being subjected to conduct constituting harassment, discrimination or retaliation, and is without sufficient knowledge or information to admit or deny the allegations with respect to any complaints Plaintiff may have made to Northrop.

147.   Paragraph 147 states a legal conclusion to which no response is required.   To the extent a response is required, CyberCore denies the allegations.

148.   Paragraph 148 states a legal conclusion to which no response is required.   To the extent a response is required, CyberCore denies the allegations.

149.   Denied.

150.   Denied.

151.   Denied.

152.   CyberCore denies the allegations in paragraph 152, except that it is without sufficient knowledge or information to admit or deny Northrop's intentions and admits that Plaintiff is seeking punitive damages.

<b>PRAYER FOR RELIEF</b>

CyberCore denies that it is liable to Plaintiff for any reason and that Plaintiff is entitled to any of the relief described in the unnumbered "Wherefore" paragraph and its subparts A. through J., as it appears on pages 20-21 of the First Amended Complaint.

Any allegation not specifically admitted herein should be deemed denied.

<b><u>SECOND DEFENSE</u></b>

The First Amended Complaint fails to state a claim upon which relief can be granted.

<b><u>THIRD DEFENSE</u></b>

Some or all of Plaintiff's claims are not actionable because the employment decisions challenged therein are justified by legitimate, non-discriminatory and non-pretextual business reasons and were based upon reasonable factors other than Plaintiff's sex, gender, gender identity, gender expression, or Plaintiff's participation in any protected activity.

## FOURTH DEFENSE

CyberCore does not tolerate or engage in unlawful discrimination, harassment or retaliation, and had policies and complaint procedures in place for addressing complaints of discrimination, harassment or retaliation by employees at all relevant times.

## FIFTH DEFENSE

CyberCore would have taken the same action complained of by Plaintiff in the absence of the alleged discrimination and retaliation.

## SIXTH DEFENSE

Plaintiff is not entitled, on the law and/or the facts, to punitive damages.

## SEVENTH DEFENSE

Some or all of Plaintiff's claims are barred by the doctrine of estoppel.

## EIGHTH DEFENSE

CyberCore's actions were done in good faith, without malice and without intent such that the relief sought (including but not limited to punitive damages) is not available.

## NINTH DEFENSE

CyberCore reserves the right to assert that Plaintiff's alleged injury or loss, if any, was a result of or caused by intervening, pre-existing or superseding causes not attributable to CyberCore.

24

### TENTH DEFENSE

CyberCore reserves the right to assert that Plaintiff has failed to mitigate the damages, if any, that she claims against CyberCore.

### ELEVENTH DEFENSE

Plaintiff has waived the right, if any, to pursue the First Amended Complaint, and each of its causes of action, by reason of Plaintiff's own actions and course of conduct.

### TWELFTH DEFENSE

Plaintiff's claims are barred by the doctrine of laches.

### THIRTEENTH DEFENSE

Plaintiff's claims are barred by the avoidable consequences doctrine because Plaintiff failed to exercise reasonable care and diligence to avoid harm or loss that reasonably could have been prevented by such reasonable efforts.

WHEREFORE, CyberCore respectfully requests that the Court dismiss Plaintiff's claims with prejudice, award CyberCore its costs and reasonable attorneys' fees incurred in this lawsuit, and allow CyberCore such other and further relief as this Court deems just and proper.

Respectfully submitted,

_____/s/  Todd J. Horn_____
Todd J. Horn, Bar No. 06849
Karel Mazanec, Bar. No. 20773
Venable LLP
750 E. Pratt St., Suite 900
Baltimore, MD  21202
(410) 244-7400 (phone)
(410) 244-7742 (facsimile)
thorn@venable.com
kmazanec@venable.com

Counsel for Defendant CyberCore
Technologies, LLC

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 3rd day of February, 2020, a copy of the foregoing Defendant CyberCore Technologies, LLC's Answer to Plaintiff's First Amended Complaint was sent via this Court's CM/ECF Delivery to the following:

Janet L. Eveland, Esq. (07817)
Law Office of Janet L. Eveland
511 East Patapsco Avenue
Baltimore, MD 21225
Tel (410) 772-8980
Fax (410) 772-8988
jeveland@evelandlaw.com

Jillian T. Weiss
Law Office of Jillian T. Weiss, P.C.
527 Hudson Street
P.O. Box 20169
New York, New York 10014
Tel (845) 70-3237
Fax (419) 794-8991
jweiss@JTweisslaw.com

*Counsel for Plaintiff*

Joseph P Harkins
Steven E Kaplan
Littler Mendelson PC
815 Connecticut Ave
Suite 400
Washington, DC 20006
12028423400
Fax: 12028420011
Email: jharkins@littler.com
Email: skaplan@littler.com

*Counsel for Defendant Northrop Grumman Corporation*


                     /s/  Todd J. Horn
                Todd J. Horn, Bar No. 06849