**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **MEGAN MILO,** | |
| **Plaintiff,** | |
| **v.** | **Civil No.  18-cv-03145 (SAG)** |
| **CYBERCORE TECHNOLOGIES, LLC.,** *et al*., | |
| **Defendants.** | |

**DEFENDANT NORTHROP GRUMMAN CORPORATION'S ANSWER AND
AFFIRMATIVE AND OTHER DEFENSES TO PLAINTIFF MEGAN MILO'S
AMENDED COMPLAINT**

Defendant Northrop Grumman Corporation ("NGC"), by and through undersigned counsel, hereby files its Answer and Affirmative and Other Defenses to Plaintiff's Amended Complaint, and states as follows:

**Preliminary Statement**

1.      NGC admits in Paragraph 1 of the Amended Complaint that Plaintiff purports to bring claims of discrimination under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), but denies that Plaintiff is entitled to obtain relief under such statute.

2.      NGC denies the allegations contained in Paragraph 2 of the Amended Complaint.

3.      NGC denies the allegations contained in Paragraph 3 of the Amended Complaint.

4.      NGC denies the allegations contained in Paragraph 4 of the Amended Complaint.

**Parties**

1*.[1]    NGC admits upon information and belief that Plaintiff is a competent adult. NGC, however, is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 1* of the Amended Complaint and, therefore, denies them.

5.    NGC admits that Defendant CyberCore Technologies LLC's ("Cybercore") address is 6605 Business Parkway, Elkridge, Maryland 21074. NGC denies the remaining allegations contained in Paragraph 5 of the Amended Complaint.

6.    NGC is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 6 of the Amended Complaint and, therefore, denies them.

7.    NGC admits the allegations contained in Paragraph 7 of the Amended Complaint.

8.    NGC admits the allegations contained in Paragraph 8 of the Amended Complaint.

9.    NGC denies the allegations contained in Paragraph 9 of the Amended Complaint. NGC avers that Plaintiff was an employee of Cybercore.

10.    NGC is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 10 of the Amended Complaint and, therefore, denies them.

11.    NGC admits the allegations contained in Paragraph 11 of the Amended Complaint.

12.    NGC is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 12 of the Amended Complaint and, therefore, denies them.

---

[1] This paragraph is improperly numbered as "1" in the Amended Complaint.  Because the following paragraph continues with the correct numbering, NGC has maintained Plaintiff's numbering in its Answer to be consistent with the Amended Complaint.

2

2*.[2]    NGC admits that Plaintiff worked in Annapolis, Maryland, but denies the remaining allegations contained in Paragraph 2* of the Amended Complaint.

## Procedural History

13.    NGC admits the allegations contained in Paragraph 13 of the Amended Complaint.

14.    NGC admits the allegations contained in Paragraph 14 of the Amended Complaint.

15.    NGC admits that it submitted a position statement to the Equal Employment Opportunity Commission, but denies the remaining allegations contained in Paragraph 15 of the Amended Complaint.

16.    NGC admits the allegations contained in Paragraph 16 of the Amended Complaint, with the timing of Plaintiff's receipt of the EEOC's Notice of Right to Sue being approximate.

17.    The allegations contained in Paragraph 17 of the Amended Complaint constitute legal conclusions to which no response is required, but if a response is required, NGC denies them.

## Jurisdiction and Venue

18.    NGC admits the allegations contained in Paragraph 18 of the Amended Complaint.

19.    NGC admits the allegations contained in Paragraph 19 of the Amended Complaint.

20.    NGC admits the allegations contained in Paragraph 20 of the Amended Complaint.

## Facts

21.    Based upon information and belief, NGC admits the allegations contained in Paragraph 21 of the Amended Complaint.

22.    NGC admits the allegations contained in Paragraph 22 of the Amended Complaint.

---

[2] This paragraph is improperly numbered as "2" in the Amended Complaint.  Because the following paragraph continues with the correct numbering, NGC has maintained Plaintiff's numbering in its Answer to be consistent with the Amended Complaint.

23.     Based upon information and belief, NGC admits the allegations contained in Paragraph 23 of the Amended Complaint.

24.     The allegations contained in Paragraph 24 of the Amended Complaint constitute legal conclusions to which no response is required, but if a response is required, NGC denies them.

25.     The allegations contained in Paragraph 25 of the Amended Complaint constitute legal conclusions to which no response is required, but if a response is required, NGC denies them.

26.     The allegations contained in Paragraph 26 of the Amended Complaint constitute legal conclusions to which no response is required, but if a response is required, NGC denies them.

27.     The allegations contained in Paragraph 27 of the Amended Complaint constitute legal conclusions to which no response is required, but if a response is required, NGC denies them.

28.     The allegations contained in Paragraph 28 of the Amended Complaint constitute legal conclusions to which no response is required, but if a response is required, NGC denies them.

29.     NGC admits that CyberCore, Plaintiff's employer, had a contract with NCG. Plaintiff was a senior Software Engineer with CyberCore supporting NGC and worked in a facility owned by the L3 Corporation at 2720 Technology Drive, Annapolis Junction, Maryland 20701. NGC denies the remaining allegations contained in Paragraph 29 of the Amended Complaint.

30.     NGC admits that it approved Plaintiff to work on one of its projects through her employment with Cybercore.  NGC denies the remaining allegations contained in Paragraph 30 of the Amended Complaint.

31.     NGC admits that Plaintiff was made a Task Lead by Cybercore in or about February 2013, but denies the remaining allegations contained in Paragraph 31 of the Amended Complaint.

32.     NGC is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 32 of the Amended Complaint and, therefore, denies them.

33.     NGC admits the allegations contained in Paragraph 33 of the Amended Complaint.

3*.[3]     NGC is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 3* of the Amended Complaint and, therefore, denies them.

4*.[4]     NGC denies the allegations contained in Paragraph 4* of the Amended Complaint.

34.     NGC admits there was contact among contractors and government employees at the worksite, but NGC denies the remaining allegations contained in Paragraph 34 of the Amended Complaint.

35.     NGC denies the allegations contained in Paragraph 35 of the Amended Complaint.

36.     NGC denies the allegations contained in Paragraph 36 of the Amended Complaint.

37.     NGC admits that it interviewed Plaintiff prior to her hiring and had to agree to her being hired.  NGC denies the remaining allegations contained in Paragraph 37 of the Amended Complaint.

38.     NGC denies the allegations contained in Paragraph 38 of the Amended Complaint.

39.     NGC denies the allegations contained in Paragraph 39 of the Amended Complaint.

40.     NGC admits the allegations contained in Paragraph 40 of the Amended Complaint.

41.     NGC denies the allegations contained in Paragraph 41 of the Amended Complaint.

42.     NGC denies the allegations contained in Paragraph 42 of the Amended Complaint.

43.     NGC admits the allegations contained in Paragraph 43 of the Amended Complaint.

44.     NGC denies the allegations contained in Paragraph 44 of the Amended Complaint.

45.     NGC denies the allegations contained in Paragraph 45 of the Amended Complaint.

---

[3] This paragraph is improperly numbered as "3" in the Amended Complaint. Because the following paragraph continues with the correct numbering, NGC maintains Plaintiff's numbering in its Answer to be consistent with the Amended Complaint.

[4] This paragraph is improperly numbered as "4" in the Amended Complaint. Because the following paragraph continues with the correct numbering, NGC maintains Plaintiff's numbering in its Answer to be consistent with the Amended Complaint.

46.

    a.      NGC is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 46(a) of the Amended Complaint and, therefore, denies them.

    b.      NGC is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 46(b) of the Amended Complaint and, therefore, denies them.

    c.      NGC is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 46(c) of the Amended Complaint and, therefore, denies them.

    d.      NGC is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 46(d) of the Amended Complaint and, therefore, denies them.

    e.      NGC is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 46(e) of the Amended Complaint and, therefore, denies them.

    f.      NGC is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 46(f) of the Amended Complaint and, therefore, denies them.

    g.      NGC is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 46(g) of the Amended Complaint and, therefore, denies them.

h.      NGC is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 46(h) of the Amended Complaint and, therefore, denies them.

i.      NGC is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 46(i) of the Amended Complaint and, therefore, denies them.

j.      NGC admits that Plaintiff was placed on a 30-day probationary period, but NGC denies the remaining allegations contained in Paragraph 46(j) of the Amended Complaint and, therefore, denies them.

k.      NGC denies the allegations contained in Paragraph 46(k) of the Amended Complaint.

l.      NGC admits that the PIP contained the following language: "Do not complain in public forums," "creating an environment of discontent is not acceptable or productive," "treat all customers and coworkers with respect," and "Northrop Grumman management recognizes that there are extenuating circumstances, but Megan must extend the same understanding and latitude of her coworkers that she expects for herself. The team is walking on eggshells in fear of creating a perceived slight of offense." NGC denies the remaining allegations contained in Paragraph 46(l) of the Amended Complaint.

47.     NGC denies the allegations in Paragraph 47 of the Amended Complaint.

48.     NGC denies the allegations in Paragraph 48 of the Amended Complaint.

49.     NGC is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 49 of the Amended Complaint and, therefore, denies them.

50.     NGC denies the allegations contained in Paragraph 50 of the Amended Complaint.

51.     NGC denies the allegations contained in Paragraph 51 of the Amended Complaint.

52.     NGC denies the allegations contained in Paragraph 52 of the Amended Complaint.

53.     NGC is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 53 of the Amended Complaint and, therefore, denies them.

54.     NGC denies the allegations contained in Paragraph 54 of the Amended Complaint.

55.     NGC is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 55 of the Amended Complaint and, therefore, denies them.

56.     NGC denies the allegations contained in Paragraph 56 of the Amended Complaint.

57.     NGC is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 57 of the Amended Complaint and, therefore, denies them.

58.     NGC is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 58 of the Amended Complaint and, therefore, denies them.

59.     NGC is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 59 of the Amended Complaint and, therefore, denies them.

60.     NGC is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 60 of the Amended Complaint and, therefore, denies them.

61.     NGC is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 61 of the Amended Complaint and, therefore, denies them.

62.     NGC is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 62 of the Amended Complaint and, therefore, denies them.

63.     NGC is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 63 of the Amended Complaint and, therefore, denies them.

64.     NGC is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 64 of the Amended Complaint and, therefore, denies them.

65.     NGC is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 65 of the Amended Complaint and, therefore, denies them.

66.     NGC is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 66 of the Amended Complaint and, therefore, denies them.

67.     NGC is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 67 of the Amended Complaint and, therefore, denies them.

68.     NGC is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 68 of the Amended Complaint and, therefore, denies them.

69.     NGC admits that many people consistently used Plaintiff's correct name and pronoun.  NGC denies the remaining allegations in Paragraph 69 of the Amended Complaint.

70.     NGC is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 70 of the Amended Complaint and, therefore, denies them.

71.     NGC is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 71 of the Amended Complaint and, therefore, denies them.

72.     NGC is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 72 of the Amended Complaint and, therefore, denies them.

73.     NGC is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 73 of the Amended Complaint and, therefore, denies them.

74.     NGC admits the allegations in Paragraph 74 of the Amended Complaint.

75.     NGC admits that, as a result of Plaintiff's misconduct, it requested her removal from its contract. NGC denies the remaining allegations contained in Paragraph 75 of the Amended Complaint.

76.     NGC is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 76 of the Amended Complaint and, therefore, denies them.

77.     NGC is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 77 of the Amended Complaint and, therefore, denies them.

78.     NGC is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 78 of the Amended Complaint and, therefore, denies them.

79.     NGC is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 79 of the Amended Complaint and, therefore, denies them.

80.     NGC is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 80 of the Amended Complaint and, therefore, denies them.

81.     NGC is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 81 of the Amended Complaint and, therefore, denies them.

82.     NGC is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 82 of the Amended Complaint and, therefore, denies them.

83.     NGC is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 83 of the Amended Complaint and, therefore, denies them.

84.     NGC denies the allegations in Paragraph 84 of the Amended Complaint.

85.     NGC is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 85 of the Amended Complaint and, therefore, denies them.

86.     NGC is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 86 of the Amended Complaint and, therefore, denies them.

87.     NGC denies the allegations in Paragraph 87 of the Amended Complaint.

88.     NGC denies the allegations in Paragraph 88 of the Amended Complaint.

89.     NGC denies the allegations in Paragraph 89 of the Amended Complaint.

90.     NGC denies the allegations in Paragraph 90 of the Amended Complaint.

91.     NGC denies the allegations in Paragraph 91 of the Amended Complaint.

92.     NGC denies the allegations in Paragraph 92 of the Amended Complaint.

93.     NGC denies the allegations in Paragraph 93 of the Amended Complaint.

94.     NGC denies the allegations in Paragraph 94 of the Amended Complaint.

95.     Based upon information and belief, NGC denies the allegations in Paragraph 95 of the Amended Complaint.

96.     NGC denies the allegations in Paragraph 96 of the Amended Complaint.

97.     NGC denies the allegations in Paragraph 97 of the Amended Complaint.

98.     NGC denies the allegations in Paragraph 98 of the Amended Complaint.

99.     NGC denies the allegations in Paragraph 99 of the Amended Complaint.

100.    NGC denies the allegations in Paragraph 100 of the Amended Complaint.

## Causes of Action

### COUNT I
### (Hostile Work Environment-Title VII of the Civil Rights Act)

On January 13, 2020, the District Court dismissed Count I in its entirety.  The allegations contained in paragraphs 101-125 of the Amended Complaint relate to this claim so no response is required, and the allegations are considered denied or avoided pursuant to Rule 8(b)(6) of the Federal Rules of Civil Procedure.

11

**COUNT II**
**(Termination Because of Sex-Title VII of the Civil Rights Act)**

126.    NGC incorporates by reference its responses to Paragraphs 1-125 of the Amended Complaint.

127.    NGC denies the allegations in Paragraph 127 of the Amended Complaint.

128.    NGC denies the allegations in Paragraph 128 of the Amended Complaint.

129.    NGC denies the allegations in Paragraph 129 of the Amended Complaint.

130.    NGC denies the allegations in Paragraph 130 of the Amended Complaint.

131.    NGC denies the allegations in Paragraph 131 of the Amended Complaint.

132.    NGC denies the allegations in Paragraph 132 of the Amended Complaint.

133.    NGC denies the allegations in Paragraph 133 of the Amended Complaint.

134.    NGC denies the allegations in Paragraph 134 of the Amended Complaint.

135.    NGC is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 135 of the Amended Complaint and, therefore, denies them.

136.    NGC denies the allegations in Paragraph 136 of the Amended Complaint.

137.    NGC is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 137 of the Amended Complaint and, therefore, denies them.

138.    NGC is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 138 of the Amended Complaint and, therefore, denies them.

139.    NGC denies the allegations in Paragraph 139 of the Amended Complaint.

140.    NGC denies the allegations in Paragraph 140 of the Amended Complaint.

## COUNT III
### (Retaliation-Title VII of the Civil Rights Act)

141.    NGC incorporates by reference its responses to Paragraphs 1-140 of the Amended Complaint.

142.    NGC denies the allegations in Paragraph 142 of the Amended Complaint.

143.    NGC denies the allegations in Paragraph 143 of the Amended Complaint.

144.    NGC denies the allegations in Paragraph 144 of the Amended Complaint.

145.    NGC denies the allegations in Paragraph 145 of the Amended Complaint.

146.    NGC denies the allegations in Paragraph 146 of the Amended Complaint.

147.    NGC denies the allegations in Paragraph 147 of the Amended Complaint.

148.    NGC denies the allegations in Paragraph 148 of the Amended Complaint.

149.    NGC denies the allegations in Paragraph 149 of the Amended Complaint.

150.    NGC denies the allegations in Paragraph 150 of the Amended Complaint.

151.    NGC denies the allegations in Paragraph 151 of the Amended Complaint.

152.    NGC denies the allegations in Paragraph 152 of the Amended Complaint.

## Jury Demand

153.    NGC admits that Plaintiff demands a trial by jury, but denies that she is entitled to a trial as to any of her claims.

## GENERAL DENIAL

Any and all allegations in the Amended Complaint, which have not been expressly admitted hereinabove, are hereby denied.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE

As the District Court noted in its January 13, 2020 Memorandum Opinion, "the question of whether Title VII prohibits discrimination on the basis of sexual orientation or gender identity is currently pending before the Supreme Court." ECF No. 58. Its decision will directly impact whether Plaintiff can state a claim upon which relief may granted.

### SECOND DEFENSE

NGC cannot be held liable because it was neither Plaintiff's "employer" nor "joint employer" with Cybercore.

### THIRD DEFENSE

The employment decisions about which Plaintiff complains were made in good faith, based upon legitimate, nondiscriminatory factors and were not based on Plaintiff's sexual orientation, gender identity, and gender, or any unlawful animus.

### FOURTH DEFENSE

The decisions about which Plaintiff complains were based on reasonable factors and legitimate, non-discriminatory and non-retaliatory business reasons, and not discriminatory or retaliatory animus.

### FIFTH DEFENSE

Plaintiff's claims are barred on the grounds that, even if any decision was motivated by an impermissible factor (which it was not), NGC would have taken the same action regardless of Plaintiff's alleged protected status or activity.

14

## SIXTH DEFENSE

Plaintiff's retaliation claim fails because any alleged protected conduct was not the "but for" cause of any adverse action.

## SEVENTH DEFENSE

NGC is not liable for punitive damages because it has at all times made a good faith effort to comply with all applicable laws.  Any actions taken by NGC regarding Plaintiff were taken in good faith, in accordance with NGC's internal policies against discrimination and applicable laws, and not taken wantonly or with malice or bad faith and/or reckless indifference to the Plaintiff's protected rights. NGC, therefore, did not willfully violate any law with respect to its treatment of Plaintiff, thereby negating Plaintiff's entitlement to punitive damages.

## EIGHTH DEFENSE

Plaintiff failed to mitigate damages in that she decline re-assignment to a comparable position with Cybercore.

NGC reserves the right to assert additional defenses or claims, which may become known during the course of discovery.

**WHEREFORE**, Defendant NGC prays for judgment against Plaintiff as follows:

1.       For an Order dismissing Plaintiff's claims with prejudice, and entering judgment in favor of NGC and against Plaintiff;

2.       For all costs, disbursements, and reasonable attorneys' fees incurred by NGC in connection with the defense of this matter; and

3.       For any other such relief as the Court in the exercise of its discretion deems just and proper.

February 3, 2019                                    Respectfully submitted,

                                                    */s/ Steven E. Kaplan*
                                                    Joseph P. Harkins (Bar No. 14007)
                                                    Steven E. Kaplan (Bar No. 16531)
                                                    LITTLER MENDELSON, P.C.
                                                    815 Connecticut Avenue, N.W.
                                                    Suite 400
                                                    Washington, DC  20006
                                                    (202) 842-3400  Telephone
                                                    (202) 842-0011  Facsimile
                                                    jharkins@littler.com
                                                    skaplan@littler.com

                                                    *Counsel for Defendant*
                                                    *Northrop Grumman Corporation*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 3, 2020, a copy of the foregoing Defendant Northrop Grumman's Answer to Plaintiff's Amended Complaint was filed with the Clerk of the Court using the CM/ECF system, which then sends a notification of such filing to the following:

Janet L. Eveland
LAW OFFICE OF JANET EVELAND
511 East Patapsco Avenue
Baltimore, Maryland 21225

Jillian T. Weiss
LAW OFFICE OF JILLIAN T. WEISS, P.C.
527 Hudson Street
P.O. Box 20169
New York, New York 10014

*Counsel for Plaintiff*

Todd J. Horn
Venable LLP
750 E. Pratt St., Suite 900
Baltimore, MD 21202

*Counsel for Defendant Cybercore Technologies, LLC*

  */s/ Steven E. Kaplan*
Steven E. Kaplan